Mark E. Ellis - 127159
Lawrence K. Iglesias - 303700
ELLIS LAW GROUP LLP
1425 River Park Drive, Suite 400
Sacramento, CA 95815
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
liglesias@ellislawgrp.com

Attorneys for Defendant THE TEHAMA LAW GROUP, P.C.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CONSUELO GRIEGO, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TEHAMA LAW GROUP, P.C. a California Corporation; KES NARBUTAS, individually and in his official capacity; ERIC WILSON, individually and in his official capacity; MATTHEW WRIGHT, individually and in his official capacity; PATELCO CREDIT UNION, a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>Santa Clara Case No: 20CV363709<br><br>**DEFENDANT THE TEHAMA LAW GROUP, P.C.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(c) (FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant THE TEHAMA LAW GROUP, P.C. hereby removes TO this Court the state court action described below:

1.     On February 11, 2020, an action was commenced in Superior Court, State of California, Santa Clara County, entitled MARIA CONSUELO GRIEGO, individually and on behalf of all other similarly situated, Plaintiff, v. THE TEHAMA LAW GROUP, P.C., et al., Defendants, as case number 20CV363709.

2.     On March 12, 2020, THE TEHAMA LAW GROUP, P.C. was served with the

- 1 -

Summons and Complaint, attached hereto as **Exhibit A**.

      3.     This Court has jurisdiction to hear this case because this action is a civil action of which this Court has original jurisdiction under **28 U.S.C. § 1331**, and is one which may be removed to this Court by Defendant pursuant to the provisions of **28 U.S.C. § 1441(c)** in that it arises under the federal Fair Debt Collection Practices Act (**15 U.S.C. § 1692,** *et seq.*) and poses a federal question.

Dated: April 9, 2020

                                    ELLIS LAW GROUP LLP

                                    By  */s/ Lawrence K. Iglesias*
                                         Lawrence K. Iglesias
                                         Attorney for Defendant
                                         THE TEHAMA LAW GROUP, P.C.

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE TEHAMA LAW GROUP, P.C., a California corporation;

Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIA CONSUELO GRIEGO, individually and on behalf of all others
similarly situated.

E-FILED
2/11/2020 1:05 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV363709
Reviewed By: P. Hernandez
Envelope: 4014637

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of Santa Clara<br>191 North First Street<br>San Jose, CA 95113 | **CASE NUMBER**<br>*(Número del Caso):*<br>20CV363709 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Fred W. Schwinn (SBN 225575)   1435 Koll Circle, Suite 104
Consumer Law Center, Inc.     San Jose, California 95112-4610
                    (408) 294-6100

| | | | | |
|---|---|---|---|---|
| DATE:   2/11/2020 1:05 PM | Clerk of Court | Clerk, by | P. Hernandez | , Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   The Tehama Law Group, P.C., a California corporation
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1 2009]
CEB<br>ceb.com  Essential Forms

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: | |
|---|---|---|
| GRIEGO v. THE TEHAMA LAW GROUP, P.C. | | |

## INSTRUCTIONS FOR USE

➤  This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➤  If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box.  Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

KES NARBUTAS, individually and in his official capacity;
ERIC WILSON, individually and in his official capacity;
MATTHEW WRIGHT, individually and in his official capacity;
PATELCO CREDIT UNION, a California corporation;
and DOES 1 through 10, inclusive.

Page ___2___ of ___2___
Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

# CORRECTED

**ATTACHMENT CV-5012**

## CIVIL LAWSUIT NOTICE

CASE NUMBER: **20CV363709**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA  95113*

> ## READ THIS ENTIRE FORM

_**PLAINTIFFS**_ (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> _**DEFENDANTS**_ (The person(s) being sued):  You must do each of the following to protect your rights:
>
> 1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> **Warning:  If you do not do these three things, you may automatically lose this case.**

_**RULES AND FORMS:**_  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_**CASE MANAGEMENT CONFERENCE (CMC):**_  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

> Your Case Management Judge is: **Hon. Patricia M. Lucas**          Department: **3**
>
> The 1ˢᵗ CMC is scheduled for: (Completed by Clerk of Court)
>
> Date: **06/19/2020**   Time: **10:00 am** in Department **3**
>
> The next CMC is scheduled for: (Completed by party if the 1ˢᵗ CMC was continued or has passed)
>
> Date: _____  Time: _____ in Department _____

_**ALTERNATIVE DISPUTE RESOLUTION (ADR):**_  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_**WARNING:**_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Fred W. Schwinn (SBN 225575)
Consumer Law Center, Inc.
1435 Koll Circle, Suite 104
San Jose, California 95112-4610
TELEPHONE NO.: (408) 294-6100   FAX NO.: (408) 294-6190
ATTORNEY FOR *(Name):* MARIA CONSUELO GRIEGO

FOR COURT USE ONLY

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 2/11/2020 1:05 PM
Reviewed By: P. Hernandez
Case #20CV363709
Envelope: 4014637

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown San Jose

CASE NAME: GRIEGO v. THE TEHAMA LAW GROUP, P.C.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20CV363709 |
|---|---|---|
| [X] Unlimited  [ ] Limited (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: / DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[X] RICO (27)
[X] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Three
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 11, 2020

Fred W. Schwinn (SBN 225575)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

E-FILED
2/11/2020 1:05 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV363709
Reviewed By: P. Hernandez

1  Fred W. Schwinn (SBN 225575)
   Raeon R. Roulston (SBN 255622)
2  Matthew C. Salmonsen (SBN 302854)
   CONSUMER LAW CENTER, INC.
3  1435 Koll Circle, Suite 104
   San Jose, California 95112-4610
4  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
5  Email Address: fred.schwinn@sjconsumerlaw.com

6
   Attorneys for Plaintiff
7  MARIA CONSUELO GRIEGO

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **COUNTY OF SANTA CLARA**

10  MARIA CONSUELO GRIEGO, individually     Case No.  20CV363709
    and on behalf of all others similarly situated,   (Unlimited Civil Case)
11

12                              Plaintiff,   **CLASS ACTION COMPLAINT**
    v.                                       **FOR STATUTORY DAMAGES**
13
    THE TEHAMA LAW GROUP, P.C., a            California Civil Code §§ 1788-1788.33
14  California corporation; KES NARBUTAS,    15 U.S.C. §§ 1692-1692p
    individually and in his official capacity; ERIC   California Bus. & Prof. Code § 17200, *et seq.*
15  WILSON, individually and in his official
    capacity; MATTHEW WRIGHT, individually
16  and in his official capacity; PATELCO
    CREDIT UNION, a California corporation;
17  and DOES 1 through 10, inclusive,
18
                               Defendants.
19

20         Plaintiff, MARIA CONSUELO GRIEGO, on behalf of herself and all others similarly

21  situated, based on information and belief and investigation of counsel, except for those allegations

22  which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby

23  makes the following allegations:

24                              **INTRODUCTION**

25

26         1.   This consumer class action is brought pursuant to the California Rosenthal Fair

27  Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA") which

28  prohibits creditors and debt collectors from engaging in abusive, deceptive, and unfair practices.

                                    - 1 -

2.    The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

3.    This consumer class action is also brought pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

4.    According to 15 U.S.C. § 1692:

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action

---

[1]  California Civil Code § 1788.1(a)(1).

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

to protect consumers against debt collection abuses.

5.    Plaintiff, MARIA CONSUELO GRIEGO, on behalf of herself and all persons similarly situated, seeks statutory damages against Defendants arising from their routine practice of sending initial written communications, like the one sent to Plaintiff, which fail to contain the disclosure required by 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5), and which falsely represent or imply that written communications were *from* an attorney, that an attorney signed the written communications, and that an attorney conducted a professional review of the account before sending the written communications, as required by California Civil Code §§ 1788.13(b), 1788.13(c), 1788.16, 1788.17, and 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).  This action also seeks statutory damages for Defendants routine practice of sending voicemail messages, like the one sent to Plaintiff, which falsely represent or imply that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed, and that the failure to pay will result in an accusation that the debtor has committed a crime, in violation of California Civil Code §§ 1788.10(a), 1788.10(b), 1788.10(c), 1788.10(f), 1788.13(j), 1788.17, and 15 U.S.C. §§ 1692d(1), 1692d(2), 1692e(4), 1692e(5), 1692e(7), 1692e(8), 1692e(10), and 1692e(11).  As a result, Defendants have engaged in deceptive, unlawful acts in connection with their attempt to collect consumer debts from Plaintiff and the Class.

## JURISDICTION AND VENUE

6.    The California Superior Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10 and California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." This Court also has jurisdiction over this action pursuant to California Civil Code § 1788.30(f), which provides for enforcement in any court of competent jurisdiction.  The statutes under which this action is brought do not grant jurisdiction to any other trial court in California.

- 3 -

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

7.    This Court has jurisdiction over each Defendant named herein because, based on information and belief, each Defendant is a corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business, has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California market through the promotion, sale, marketing and/or distribution of goods and services in California and thereby having such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

8.    Venue is proper in the Santa Clara Superior Court, pursuant to California Code of Civil Procedure §§ 393 and 395.5, because one or more of the violations alleged in this Complaint arise in the County of Santa Clara.  Venue is also proper in the Santa Clara Superior Court, pursuant to California Code of Civil Procedure § 395(b), because this action arises from an extension of credit intended primarily for personal, family, or household use and Plaintiff (the alleged borrower) resided in the County of Santa Clara at the commencement of this action.

9.    The total amount in controversy as to Plaintiff and each member of the Proposed Class does not exceed seventy-four thousand, nine hundred and ninety-nine dollars ($74,999) each, exclusive of interest and costs.  Plaintiff disclaims any compensatory damages, punitive damages, declaratory, injunctive, or equitable relief greater than ($74,999) per individual Class member.  Plaintiff and the Proposed Class limit their total class wide claims to less than four million, nine hundred and ninety-nine thousand, nine hundred and ninety-nine dollars ($4,999,999.00).

10.    Plaintiff and the proposed Classes seek only statutory damages in this action and do not allege in this Class Action Complaint for Statutory Damages that they, or any of them, have suffered a concrete injury within the meaning of Article III of the United States Constitution and the

Supreme Court's related interpretation.[2]

## PARTIES

11.    Plaintiff, MARIA CONSUELO GRIEGO (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h) and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.    Defendant, THE TEHAMA LAW GROUP, P.C. (hereinafter "TEHAMA"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 124 Paul Street, Suite 108, San Rafael, California 94903.  The principal business of TEHAMA is the collection of defaulted consumer debts using the mails, telephone, and internet, and TEHAMA regularly attempts to collect defaulted consumer debts alleged to be due another.  TEHAMA is a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6), and a "person" as that term is defined by California Business and Profession Code § 17201.  Plaintiff is informed and believes, and thereon alleges that, TEHAMA is owned in whole or in part by Defendant, KES NARBUTAS.

13.    Defendant, KES NARBUTAS (hereinafter "NARBUTAS"), is a natural person and licensed attorney in the state of California and is and was a shareholder, member, officer, director, employee, and/or agent of TEHAMA at all relevant times. The principal purpose of NARBUTAS's business is the collection of defaulted consumer debts due or alleged to be due another.  NARBUTAS is regularly engaged in the business of collecting defaulted consumer debts utilizing the U.S. Mail, telephone, and internet. NARBUTAS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a "person" as that term is defined by California Business and Profession Code § 17201. For all conduct on and after January 1, 2020, NARBUTAS is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

---

[2]  See, *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016).

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

14.     Plaintiff is informed and believes, and thereon alleges that Defendant, ERIC WILSON (hereinafter "WILSON"), is a natural person and is and was an employee, and/or agent of TEHAMA at all relevant times. The principal purpose of WILSON's business is the collection of defaulted consumer debts due or alleged to be due another.  WILSON is regularly engaged in the business of collecting defaulted consumer debts utilizing the U.S. Mail, telephone, and internet. WILSON is a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6), and a "person" as that term is defined by California Business and Profession Code § 17201.

15.     Plaintiff is informed and believes, and thereon alleges that Defendant, MATTHEW WRIGHT (hereinafter "WRIGHT"), is a natural person and is and was an employee, and/ or agent of TEHAMA at all relevant times. The principal purpose of WRIGHT's business is the collection of defaulted consumer debts due or alleged to be due another.  WRIGHT is regularly engaged in the business of collecting defaulted consumer debts utilizing the U.S. Mail, telephone, and internet. WRIGHT is a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6), and a "person" as that term is defined by California Business and Profession Code § 17201.

16.     Defendant, PATELCO CREDIT UNION (hereinafter "PATELCO"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 3 Park Place, Dublin, California 94568.  The principal business of PATELCO is the origination and collection of consumer debts using the mails, telephone, and internet, and PATELCO regularly attempts to collect defaulted consumer debts.  PATELCO is a "debt collector" as that term is defined by California Civil Code § 1788.2(c), and a "person" as that term is defined by California Business and Profession Code § 17201.

17.    The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will seek leave of the Court to amend this Complaint accordingly.  Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused damages thereby to the Plaintiff, as hereinafter alleged. Defendant, DOES 1-10, are, and each of them is, a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6), and a "person" as that term is defined by California Business and Profession Code § 17201.

18.    At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venturer of his/her/its Co-Defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment, and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

19.    Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants, DOES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships, and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, have regularly conducted business in the County of Santa Clara, State of California.

**FACTUAL ALLEGATIONS**

20.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a

- 7 -

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

financial obligation in the form of a consumer credit account owed to PATELCO (hereinafter the "alleged debt"). Plaintiff denies that any debt is owed. The alleged debt to PATELCO was incurred primarily for personal, family, or household purposes and is therefore a "consumer debt" as that term is defined by California Civil Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21.     Plaintiff is informed and believes, and thereon alleges that, on a date unknown to Plaintiff, PATELCO hired, contracted, or otherwise engaged TEHAMA, NARBUTAS, WILSON, and WRIGHT to collect the alleged debt from Plaintiff and the Class on PATELCO's behalf.

22.     Thereafter, TEHAMA, NARBUTAS, WILSON, and WRIGHT, were, and acted as, PATELCO's authorized agents with the actual or ostensible authority to act on PATELCO's behalf.

23.     On or about November 7, 2019, Defendants sent a collection letter to Plaintiff in an attempt to collect the alleged debt.

24.     A true and accurate copy of Defendants' collection letter to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

25.     The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

26.     Plaintiff is informed and believes, and thereon alleges that, the collection letter (Exhibit "1") was drafted by NARBUTAS, approved and ratified by PATELCO, and signed by WILSON.

27.     The collection letter (Exhibit "1") states in relevant part:

You have a right to notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof. If you fail to dispute this claim with this office within this time period, our office will assume this debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office within

- 8 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

28.     The collection letter dated (Exhibit "1") represented or implied that the communication was from an attorney.

29.     Plaintiff is informed and believes, and thereon alleges that, WILSON is not a licensed attorney in the state of California.

30.     The collection letter dated (Exhibit "1") represented or implied that Plaintiff's account had been professionally reviewed by an attorney.

31.     Plaintiff is informed and believes, and thereon alleges that no attorney conducted a professional review of Plaintiff's account before sending the collection letter (Exhibit "1") to Plaintiff.[3]

32.     Plaintiff is informed and believes, and thereon alleges that the collection letter (Exhibit "1") misrepresented the role and involvement of legal counsel.

33.     Plaintiff is informed and believes, and thereon alleges that the collection letter (Exhibit "1") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

34.     On or about February 4, 2020, at approximately 3:28 p.m., Defendants recorded the following voicemail message on Plaintiff's cellular telephone.

> Maria Griego. My name is Matthew Wright. I'm calling you from the Tehama Law Group regarding what is now a pending civil complaint. I've also been asked to reach out to the Santa Clara District Attorney's Office concerning the circumstances, concerning this particular issue in my office and before I do so I want to give you a courtesy call. If you choose to, you can return my call before moving forward. My phone number is 415-946-4126.

35.     Defendants' voicemail message was a "communication" in an attempt to collect a

---

[3] *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

- 9 -

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

debt, as that term is defined by 15 U.S.C. § 1692a(2).

36.     Defendants failed to provide the disclosure required by 15 U.S.C. § 1692e(11) in their voicemail message to Plaintiff.

37.     Upon hearing this voicemail message, Plaintiff was shocked, stunned, horrified, and upset.

38.     Plaintiff is informed and believes, and thereon alleges that no civil lawsuit has been filed against her, as alleged in Defendants' voicemail message.

39.     Plaintiff is informed and believes, and thereon alleges that TEHAMA and NARBUTAS created and implemented uniform telephone scripts for their debt collectors like WRIGHT to use when sending voicemail messages to consumers, like the voicemail message Defendants sent to Plaintiff.

40.     Plaintiff is informed and believes, and thereon alleges that PATELCO approved and/or ratified the use of voicemail messages which falsely represent or imply that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed.

41.     Plaintiff is informed and believes, and thereon alleges that PATELCO approved and/or ratified the use of voicemail messages which falsely represent or imply that the failure to pay will result in an accusation that the debtor has committed a crime.

42.     PATELCO owed Plaintiff and the Class a nondelegable duty to ensure that TEHAMA, NARBUTAS, WILSON, and WRIGHT, complied with the RFDCPA in all respects.[4] Therefore, PATELCO is vicariously liable to Plaintiff and the Class for TEHAMA, NARBUTAS,

---

[4] *SeaBright Ins. Co. v. US Airways, Inc.*, 52 Cal. 4th 590, 600-601 (Cal. 2011) ("The nondelegable duties doctrine prevents a party that owes a duty to others from evading responsibility by claiming to have delegated that duty to an independent contractor hired to do the necessary work. The doctrine applies when the duty preexists and does not arise from the contract with the independent contractor.").

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

WILSON, and WRIGHT's, violations of the RFDCPA.[5]

## **DEFENDANTS' ROUTINE PRACTICES**

43.     It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which seek to collect defaulted consumer debts incurred for personal, family, or household purposes.

44.     It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which falsely represented or implied that the communication was from an attorney.

45.     It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which falsely represented or implied that the account being collected had been professionally reviewed by an attorney.

46.     It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which misrepresent the role and involvement of legal counsel.

47.     It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which misrepresented the true source or nature of the communication.

48.     It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which fail to contain the notice required by 15 U.S.C. § 1692g(a)(4).

49.     It is the standard practice and policy of Defendants to send initial collection

---

[5] *Maloney v. Rath*, 69 Cal. 2d 442, 446 (Cal. 1968) ("a nondelegable duty operates, … to assure that when a negligently caused harm occurs, the injured party will be compensated by the person whose activity caused the harm and who may therefore properly be held liable for the negligence of his agent, whether his agent was an employee or an independent contractor.").

communications in the form of Exhibit "1" which fail to contain the notice required by 15 U.S.C. § 1692g(a)(5).

50.    It is the standard practice and policy of Defendants to send voicemail messages which falsely represent or imply that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed.

51.    It is the standard practice and policy of Defendants to send voicemail messages which falsely represent or imply that the failure to pay will result in an accusation that the debtor has committed a crime.

## CLASS ALLEGATIONS

52.    Plaintiff brings this action on behalf of two classes of persons similarly situated.

53.    Plaintiff tentatively defines the letter class as (i) all persons with addresses in California (ii) to whom TEHAMA sent, or caused to be sent, an initial written communication in the form of Exhibit "1," (iii) in an attempt to collect a consumer debt alleged to be owed to PATELCO, (iv) which were not returned as undeliverable by the U.S. Post Office (v) during the period one year prior to the date of filing this action through the date of class certification.

54.    Plaintiff tentatively defines the voicemail class as (i) all persons with addresses in California (ii) to whom TEHAMA sent, or caused to be sent, a voicemail substantially similar to the voicemail described in ¶ 34 above, (iii) in an attempt to collect a consumer debt alleged to be owed to PATELCO, (iv) during the period one year prior to the date of filing this action through the date of class certification.

55.    Excluded from the class would be any officers, directors, or legal representatives of Defendants, and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.  Plaintiff reserves the right to modify the Class definition

- 12 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

and Class period based on the results of discovery.

56.    The class is so numerous that joinder of all members is impractical.   On information and belief, collection notices in the form of Exhibit "1" and voicemails substantially similar to the voicemail described in ¶ 34 above have been sent to hundreds of California class members.

57.    Defendants have acted with respect to the Class, in a manner generally applicable to Plaintiff and each Class member.   There is a well-defined community of interest in the questions of law and fact involved in this action, which affects all class members.   Questions of law and fact common to the class predominate over any questions peculiar to individual class members.   The common questions include:

a.    Whether Defendants are debt collectors;

b.    Whether Defendants sent Plaintiff and the Class initial written communication in the form of Exhibit "1" which falsely represented or implied that the communication was from an attorney;

c.    Whether Defendants sent Plaintiff and the Class initial written communication in the form of Exhibit "1" which falsely represented or implied that the account being collected had been professionally reviewed by an attorney;

d.    Whether Defendants sent Plaintiff and the Class initial written communication in the form of Exhibit "1" which misrepresent the role and involvement of legal counsel;

e.    Whether Defendants sent Plaintiff and the Class initial written communication in the form of Exhibit "1" which misrepresented the true source or nature of the communication;

f.    Whether Defendants sent Plaintiff and the Class initial written

- 13 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

communication in the form of Exhibit "1" which fail to contain the disclosures required by California Civil Code § 1788.17 and 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5);

g.    Whether Defendants sent Plaintiff and the Class voicemail messages which falsely represent or imply that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed; and

h.    Whether Defendants sent Plaintiff and the Class voicemail messages which falsely represent or imply that the failure to pay will result in an accusation that the debtor has committed a crime.

58.    There are no individual questions of law or fact, other than whether a Class member was sent the offending collection communication, which can be determined by ministerial inspection of Defendants' records.

59.    Plaintiff will fairly and adequately represent and protect the interest of the Class members.  Plaintiff is committed to vigorously litigating this matter.  Plaintiff has retained counsel experienced in handling class claims and litigation brought pursuant to various consumer protection statutes, including the California Fair Debt Buying Practices Act, California Civil Code §§ 1788.50-1788.64 ("CFDBPA"), the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 ("RFDCPA").  Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.  Plaintiff and her counsel will vigorously pursue this matter.

60.    Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff and other Class members were similarly harmed by the actions of Defendants and the claims alleged herein all arise from the same operative facts and are based on the same legal theories. Plaintiff is a member of the Class she seeks to represent and she has suffered harm due to the unfair,

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

deceptive, and unlawful practices of Defendants.

61.    Defendants have acted or refused to act, with respect to some or all issues presented in this Complaint, on grounds generally applicable to the Class, thereby making it appropriate to provide relief with respect to the Class as a whole.

62.    A class action is a superior method for the fair and efficient adjudication of this controversy.  Most of the class members who received voicemails and written communications in the form of Exhibit "1" have no knowledge that their rights are being violated by illegal collection practices.  The interest of the class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000, pursuant to the RFDCPA, California Civil Code § 1788.17,[6] and $1,000, pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A).  Management of this class action is likely to present significantly fewer difficulties than those presented in many other class actions.

63.    A class action is the best available method of the efficient adjudication of this litigation because individual litigation of Class members' claims would be impracticable and unduly burdensome to the courts, and have the potential to result in inconsistent or contradictory judgments. There are no unusual difficulties likely to be encountered in the management of this litigation as a class action. A class action presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

64.    Certification of the Class under California Code of Civil Procedure § 382 is appropriate in that:

a.    The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

b.    A class action is superior to other available methods for the fair and efficient

---

[6] Incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

adjudication of the controversy.

65.    Certification of a class under California Code of Civil Procedure § 382 is also appropriate in that Defendants acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

66.    Plaintiff and the Class are entitled to an award of attorney fees and costs against Defendants, pursuant to the RFDCPA, California Civil Code § 1788.17.[7]

## FIRST CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against All Defendants)

67.    Plaintiff and the Class bring the first cause of action against all Defendants for violations of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

68.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

69.    Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

70.    Defendant, TEHAMA, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

71.    Defendant, WILSON, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

72.    Defendant, WRIGHT, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

73.    Defendant, PATELCO, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

---

[7]  Incorporating by reference 15 U.S.C. § 1692k(a)(3).

- 16 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

74.   On and after January 1, 2020, Defendant, NARBUTAS, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

75.   Defendants have violated the RFDCPA.   The violations include, but are not limited to, the following:

a.   Defendants, TEHAMA, WRIGHT, NARBUTAS, and PATELCO, sent Plaintiff and the Class voicemail messages which falsely represented or implied that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed, in violation of California Civil Code §§ 1788.13(j) and 1788.17;[8]

b.   Defendants, TEHAMA, WRIGHT, NARBUTAS, and PATELCO, sent Plaintiff and the Class voicemail messages which falsely represented or implied that the failure to pay will result in an accusation that the debtor has committed a crime, in violation of California Civil Code §§ 1788.10(a), 1788.10(b), 1788.10(c), 1788.10(f), and 1788.17;[9]

c.   Defendants, TEHAMA and WILSON, misrepresented the right to obtain verification of the debt, in violation of California Civil Code § 1788.17;[10]

d.   Defendants, TEHAMA and WILSON, failed to send Plaintiff and the Class a written notice containing a statement that if Plaintiff/Class notifies the Defendants *in writing* within the thirty-day period that the debt, *or any portion thereof*, is disputed, the Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff/Class, in violation of California Civil Code § 1788.17;[11]

e.   Defendants, TEHAMA and WILSON, misrepresented the right to obtain the name and address of the original creditor, if different from the current creditor, in violation of

[8]   15 U.S.C. §§ 1692e(5), 1692e(10), and 1692e(11) (no § 1692e(11) violation is alleged against PATELCO).
[9]   15 U.S.C. §§ 1692d(1), 1692d(2), 1692e(4), 1692e(5), 1692e(7), 1692e(8), and 1692e(10).
[10]   15 U.S.C. §§ 1692e and 1692e(10).
[11]   15 U.S.C. § 1692g(a)(4).

California Civil Code § 1788.17;[12] and

       f.    Defendants, TEHAMA and WILSON, failed to send the Plaintiff/class a written notice containing a statement that upon *written request* within the thirty-day period, the Defendants would provide the Plaintiff/Class with the name and address of the original creditor, if different from the current creditor, in violation of California Civil Code § 1788.17.[13]

      76.    Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff and the Class to pay alleged debts, within the meaning of California Civil Code § 1788.30(b).

      77.    As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to California Civil Code § 1788.30(b).

      78.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to California Civil Code § 1788.17.[14]

      79.    As a result of Defendants' violations of the RFDCPA, the Class is entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to California Civil Code § 1788.17.[15]

      80.    As a result of Defendants' violations of the RFDCPA, Plaintiff and the Class are entitled to an award of reasonable attorney's fees and costs, pursuant to California Civil Code § 1788.17.[16]

---

[12] 15 U.S.C. §§ 1692e and 1692e(10).
[13] 15 U.S.C. § 1692g(a)(5).
[14] 15 U.S.C. § 1692k(a)(2)(A).
[15] Incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(B)(ii).
[16] Incorporating by reference 15 U.S.C. § 1692k(a)(3).

81.     Pursuant to California Civil Code § 1788.32, the remedies provided under California Civil Code § 1788.17 are intended to be cumulative and in addition to any other procedures, rights, or remedies that Plaintiff and the Class may have under any other provision of law.

## SECOND CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT
### (Against All Defendants, Except PATELCO)

82.     Plaintiff and the Class bring the second cause of action against all Defendants except PATELCO for violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

83.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

84.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

85.     Defendant, TEHAMA, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

86.     Defendant, NARBUTAS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

87.     Defendant, WILSON, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

88.     Defendant, WRIGHT, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

89.     The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

90.     Defendants have violated the FDCPA.  The violations include, but are not limited

- 19 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

to, the following:

a.   Defendants sent Plaintiff and the Class voicemail messages which falsely represented or implied that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed, in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10);

b.   Defendants sent Plaintiff and the Class voicemail messages which falsely represented or implied that the failure to pay will result in an accusation that the debtor has committed a crime, in violation of 15 U.S.C. §§ 1692d(1), 1692d(2), 1692e(4), 1692e(5), 1692e(7), 1692e(8), and 1692e(10);

c.   Defendants sent Plaintiff and the Class voicemail messages which fail to contain the disclosure required by 15 U.S.C. § 1692e(11);

d.   Defendants misrepresented the right to obtain verification of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

e.   Defendants failed to send the Plaintiff/Class a written notice containing a statement that if Plaintiff/Class notifies Defendants *in writing* within the thirty-day period that the debt, *or any portion thereof*, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff/Class, in violation of 15 U.S.C. § 1692g(a)(4);

f.   Defendants misrepresented the right to obtain the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10); and

g.   Defendants failed to send Plaintiff/Class a written notice containing a statement that upon *written request*, Defendants would provide Plaintiff/Class with the name

and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

91.     Defendants' acts as described above were done intentionally with the purpose of coercing the Plaintiff/Class to pay the alleged debt.

92.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i).

93.     As a result of Defendants' violations of the FDCPA, the Class is entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to 15 U.S.C. §§ 1692k(a)(2)(B)(ii).

94.     As a result of Defendants' violations of the FDCPA, Plaintiff and the Class are entitled to an award of reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1692k(a)(3).

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW
### (Against All Defendants)

95.     Plaintiff and the Class bring the third cause of action against all Defendants for violations of California's Unfair Competition Law, Business and Professions Code § 17200, *et seq.* (hereinafter "the UCL").

96.     Plaintiff repeats, realleges, and incorporates by reference all previous paragraphs as though fully set forth herein.

97.     Defendants violated the UCL's prohibition against "any unlawful, unfair or fraudulent business act or practice" by:

a.     sending voicemail messages which falsely represent or imply that a civil

- 21 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed;

       b.    sending voicemail messages which falsely represent or imply that the failure to pay will result in an accusation that the debtor has committed a crime;

       c.    sending voicemail messages which fail to contain the disclosure required by 15 U.S.C. § 1692e(11);

       d.    misrepresenting the right to obtain verification of the debt being collected;

       e.    failing to send a written notice containing a statement that if the debtor notifies Defendants *in writing* within the thirty-day period that the debt, *or any portion thereof*, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the debtor;

       f.    misrepresenting the right to obtain the name and address of the original creditor, if different from the current creditor; and

       g.    failing to send a written notice containing a statement that upon *written request*, Defendants would provide the debtor with the name and address of the original creditor.

98.    Defendants' business practices and actions as set forth above are unlawful, unfair, and fraudulent, and provide Defendants an unfair advantage in the marketplace.

99.    Plaintiff and the Class seek an order declaring such business practices to be unlawful, unfair, and fraudulent, and enjoining these business methods, acts, and practices set forth herein.

100.    Plaintiff and the Class also request an order for reasonable attorneys' fees and costs incurred, pursuant to Code of Civil Procedure § 1021.5.

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

**REQUEST FOR RELIEF**

Plaintiff requests that this Court:

    a)  Assume jurisdiction in this proceeding;

    b)  Certify this case as a class action and appoint Plaintiff and Plaintiff's counsel to represent the Class;

    c)  Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

    d)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5);

    e)  Declare that each of the following actions violates California Business and Professions Code §§ 17200, *et seq.*:

        i)  sending voicemail messages which falsely represent or imply that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed;

        ii)  sending voicemail messages which falsely represent or imply that the failure to pay a debt will result in an accusation that the debtor has committed a crime;

        iii) sending voicemail messages which fail to contain the disclosure required by 15 U.S.C. § 1692e(11);

        iv) misrepresenting the right to obtain verification of the debt being collected;

        v)  failing to send a written notice containing a statement that if the debtor notifies Defendants *in writing* within the thirty-day period that the debt,

*or any portion thereof*, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the debtor;

  vi) misrepresenting the right to obtain the name and address of the original creditor, if different from the current creditor; and

  vii) failing to send a written notice containing a statement that upon *written request*, Defendants would provide the debtor with the name and address of the original creditor.

f) Enter an order enjoining Defendants from continuing each of the practices set forth in subsection (e) above;

g) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i);

h) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to California Civil Code § 1788.30(b);

i) Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to California Civil Code § 1788.17;

j) Award the Class statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to California Civil Code § 1788.17;[17]

k) Award the Class statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant except PATELCO, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

---

[17] Incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(B)(ii).

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

1       l)   Award Plaintiff and the Class the costs of this action and reasonable attorney's

2           fees, pursuant to California Civil Code § 1788.17,[18] 15 U.S.C. § 1692k(a)(3), and

3           California Code of Civil Procedure § 1021.5.

4       m)  Award Plaintiff and the Class such other and further relief as may be just and

5           proper.

CONSUMER LAW CENTER, INC.

Dated: February 11, 2020

By: _____
☒ Fred W. Schwinn (SBN 225575)
☐ Raeon R. Roulston (SBN 255622)
☐ Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
1435 Koll Circle, Suite 104
San Jose, California  95112-4610
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
MARIA CONSUELO GRIEGO

---

[18] Incorporating by reference 15 U.S.C. § 1692k(a)(3).

CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

The Tehama Law Group, P.C.
124 Paul DR. #108
San Rafael, CA 94903

Personal and Confidential

November 7, 2019

MARIA GRIEGO
PO BOX 60861
PALO ALTO, CA 943060861

Account #: 6055880-10
File #: 16596
Current Balance: $1,002.36

Dear MARIA GRIEGO:

This letter is to notify you that your file regarding the balance owed to Patelco Credit Union Shares has been forwarded to the Tehama Law Group, P.C. for collections. Your file will be reviewed to determine the appropriate action to take in order to secure the balance due and owing. Please take note that action may be taken against you without further notice. To avoid any adverse effect this may have, contact our offices at 415-946-4126 and we will assist you in resolving this matter.

You have a right to notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof. If you fail to dispute this claim with this office within this time period, our office will assume this debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Sincerely,

Eric Wilson
The Tehama Law Group, .P.C.
(415) 946-4126

EXHIBIT
1

The Tehama Law Group, P.C.
124 Paul DR. #108
San Rafael, CA 94903

November 7, 2019

MARIA GRIEGO
PO BOX 60861
PALO ALTO, CA 943060861

94306-088161

SAN FRANCISCO
CA 940
07 NOV '19
PM 6 L



02 1P
0000274859   NOV 07  2019
MAILED FROM ZIP CODE 94957
UNITED STATES POSTAGE
$ 000.500
PITNEY BOWES

## CERTIFICATE OF SERVICE

I, Jan Hyde, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 1425 River Park Drive, Suite 400, Sacramento, CA 95815.

On April 9, 2020, I served the following document(s) on the parties in the within action:

### DEFENDANT THE TEHAMA LAW GROUP, P.C.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(c)

| | |
|---|---|
| **X** | **VIA ELECTRONIC SERVICE**:  The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
| **X** | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**:  The above-described document(s) was transmitted via facsimile from the fax number shown on the attached facsimile report, at the time shown on the attached facsimile report, and the attached facsimile report reported no error in transmission and was properly issued from the transmitting facsimile machine, and a copy of same was mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |

| | |
|---|---|
| Fred W. Schwinn<br>Raeon R. Roulston<br>Matthew c. Salmonsen<br>Consumer Law Center, Inc.<br>1435 Koll Circle<br>Suite 104<br>San Jose, CA 95112-4610 | Attorneys for Plaintiff<br>MARIA CONSUELO GRIEGO |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is a true and correct statement and that this Certificate was executed on April 9, 2020.

By 

Jan Hyde