Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
1435 Koll Circle, Suite 104
San Jose, California  95112-4610
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
MARIA CONSUELO GRIEGO

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MARIA CONSUELO GRIEGO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>THE TEHAMA LAW GROUP, P.C., a California corporation; KES NARBUTAS, individually and in his official capacity; ERIC WILSON, individually and in his official capacity; MATTHEW WRIGHT, individually and in his official capacity; PATELCO CREDIT UNION, a California corporation; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. 5:20-CV-02441-LHK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES**<br><br>California Civil Code §§ 1788-1788.33<br>California Bus. & Prof. Code § 17200, *et seq.* |

Plaintiff, MARIA CONSUELO GRIEGO, on behalf of herself and all others similarly situated, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## INTRODUCTION

1. This consumer class action is brought pursuant to the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    The California Legislature has found that:

The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

3.    Plaintiff, MARIA CONSUELO GRIEGO, on behalf of herself and all persons similarly situated, seeks statutory damages against Defendants arising from their routine practice of sending initial written communications, like the one sent to Plaintiff, which fail to contain the disclosure required by California Business and Professions Code §§ 6077.5(g)(4) and 6077.5(g)(5), and which falsely represent or imply that written communications were *from* an attorney, that an attorney signed the written communications, and that an attorney conducted a professional review of the account before sending the written communications, in violation of California Business and Professions Code §§ 6077.5(a) and 6077.5(b), and California Civil Code §§ 1788.13(b), 1788.13(c), 1788.16, and 1788.17.  This action also seeks actual damages and statutory damages for Defendants routine practice of sending voice messages, like the one sent to Plaintiff, which falsely represent or imply that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed, and that the failure to pay will result in an accusation that the debtor has committed a crime, in violation of California Business and Professions Code § 6077.5(a) and California Civil Code §§ 1788.10(a), 1788.10(b), 1788.10(c), 1788.10(f), 1788.13(j), and 1788.17.  As a result, Defendants have engaged in deceptive, unlawful acts in connection with their attempt to collect consumer debts from Plaintiff and the Class.

## JURISDICTION AND VENUE

4.    The California Superior Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10 and California Constitution Article VI, § 10, which grants

---

[1]  California Civil Code § 1788.1(a)(1).

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." This Court also has jurisdiction over this action pursuant to California Civil Code § 1788.30(f), which provides for enforcement in any court of competent jurisdiction. The statutes under which this action is brought do not grant jurisdiction to any other trial court in California.

5.    The Santa Clara Superior Court has jurisdiction over each Defendant named herein because, based on information and belief, each Defendant is a corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business, has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California market through the promotion, sale, marketing and/or distribution of goods and services in California and thereby having such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

6.    Venue is proper in the Santa Clara Superior Court, pursuant to California Code of Civil Procedure §§ 393 and 395.5, because one or more of the violations alleged in this Complaint arise in the County of Santa Clara. Venue is also proper in the Santa Clara Superior Court, pursuant to California Code of Civil Procedure § 395(b), because this action arises from an extension of credit intended primarily for personal, family, or household use and Plaintiff (the alleged borrower) resided in the County of Santa Clara at the commencement of this action.

7.    The total amount in controversy as to Plaintiff and each member of the Proposed Class does not exceed seventy-four thousand, nine hundred and ninety-nine dollars ($74,999) each, exclusive of interest and costs. Plaintiff disclaims any compensatory damages, punitive damages, declaratory, injunctive, or equitable relief greater than ($74,999) per individual Class member. Plaintiff and the Proposed Class limit their total class wide claims to less than four million, nine hundred and

ninety-nine thousand, nine hundred and ninety-nine dollars ($4,999,999.00).

8.    Plaintiff and the proposed Classes do not allege in this <u>First Amended Class Action Complaint for Statutory Damages</u> that they, or any of them, have suffered a concrete injury within the meaning of Article III of the United States Constitution and the Supreme Court's related interpretation.[2]

## PARTIES

9.    Plaintiff, MARIA CONSUELO GRIEGO (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

10.    Defendant, THE TEHAMA LAW GROUP, P.C. (hereinafter "TEHAMA"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 124 Paul Street, Suite 108, San Rafael, California 94903.  The principal business of TEHAMA is the collection of defaulted consumer debts using the mails, telephone, and internet, and TEHAMA regularly attempts to collect defaulted consumer debts alleged to be due another.  TEHAMA is a "debt collector" as that term is defined by California Civil Code § 1788.2(c), and a "person" as that term is defined by California Business and Profession Code § 17201. Plaintiff is informed and believes, and thereon alleges that, TEHAMA is owned in whole or in part by Defendant, KES NARBUTAS.

11.    Defendant, KES NARBUTAS (hereinafter "NARBUTAS"), is a natural person and licensed attorney in the state of California and is and was a shareholder, member, officer, director, employee, and/or agent of TEHAMA at all relevant times. The principal purpose of NARBUTAS's business is the collection of defaulted consumer debts due or alleged to be due another.  NARBUTAS is regularly engaged in the business of collecting defaulted consumer debts utilizing the U.S. Mail, telephone, and internet. NARBUTAS is a "person" as that term is defined by California Business and

---

[2]  See, *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016).

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

Profession Code § 17201.  For all conduct on and after January 1, 2020, NARBUTAS is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).  NARBUTAS is an attorney employed primarily employed to assist in the collection of consumer debts owed to another, within the meaning of California Business and Profession Code § 6077.5.

   12. Plaintiff is informed and believes, and thereon alleges that Defendant, ERIC WILSON (hereinafter "WILSON"), is a natural person (or a pseudonym for a natural person) and is and was an employee, and/or agent of TEHAMA at all relevant times. The principal purpose of WILSON's business is the collection of defaulted consumer debts due or alleged to be due another.  WILSON is regularly engaged in the business of collecting defaulted consumer debts utilizing the U.S. Mail, telephone, and internet. WILSON is a "debt collector" as that term is defined by California Civil Code § 1788.2(c), and a "person" as that term is defined by California Business and Profession Code § 17201.  WILSON is employed by an attorney primarily to assist in the collection of consumer debts owed to another, within the meaning of California Business and Profession Code § 6077.5.

   13. Plaintiff is informed and believes, and thereon alleges that Defendant, MATTHEW WRIGHT (hereinafter "WRIGHT"), is a natural person (or a pseudonym for a natural person) and is and was an employee, and/or agent of TEHAMA at all relevant times. The principal purpose of WRIGHT's business is the collection of defaulted consumer debts due or alleged to be due another.  WRIGHT is regularly engaged in the business of collecting defaulted consumer debts utilizing the U.S. Mail, telephone, and internet. WRIGHT is a "debt collector" as that term is defined by California Civil Code § 1788.2(c), and a "person" as that term is defined by California Business and Profession Code § 17201.  WRIGHT is employed by an attorney primarily to assist in the collection of consumer debts owed to another, within the meaning of California Business and Profession Code § 6077.5.

- 5 -

14.    Defendant, PATELCO CREDIT UNION (hereinafter "PATELCO"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 3 Park Place, Dublin, California 94568.   The principal business of PATELCO is the origination and collection of consumer debts using the mails, telephone, and internet, and PATELCO regularly attempts to collect defaulted consumer debts.   PATELCO is a "debt collector" as that term is defined by California Civil Code § 1788.2(c), and a "person" as that term is defined by California Business and Profession Code § 17201.

15.    The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.   When the true names and capacities of said Defendants have been ascertained, Plaintiff will seek leave of the Court to amend this Complaint accordingly.   Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused damages thereby to the Plaintiff, as hereinafter alleged. Defendant, DOES 1-10, are, and each of them is, a "debt collector" as that term is defined by California Civil Code § 1788.2(c), and a "person" as that term is defined by California Business and Profession Code § 17201.

16.    At all times herein mentioned, each of the Defendants was the agent, servant, employee and/or joint venturer of his/her/its Co-Defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment, and/or joint venture.   Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

17.    Plaintiff is informed and believes, and thereon alleges that at all times herein

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

mentioned, Defendants, DOES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships, and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, have regularly conducted business in the County of Santa Clara, State of California.

## **FACTUAL ALLEGATIONS**

18.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation in the form of a consumer credit account owed to PATELCO (hereinafter the "alleged debt"). Plaintiff denies that any debt is owed. The alleged debt to PATELCO was incurred primarily for personal, family, or household purposes and is therefore a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

19.    Plaintiff is informed and believes, and thereon alleges that, on a date unknown to Plaintiff, PATELCO hired, contracted, or otherwise engaged TEHAMA, NARBUTAS, WILSON, and WRIGHT to collect the alleged debt from Plaintiff and the Class on PATELCO's behalf.

20.    Thereafter, TEHAMA, NARBUTAS, WILSON, and WRIGHT, were, and acted as, PATELCO's authorized agents with the actual or ostensible authority to act on PATELCO's behalf.

21.    On or about November 7, 2019, Defendants sent a collection letter to Plaintiff in an attempt to collect the alleged debt.

22.    A true and accurate copy of Defendants' collection letter to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

23.    The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

24.    Plaintiff is informed and believes, and thereon alleges that, the collection letter

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

1    (Exhibit "1") was drafted by NARBUTAS, approved and ratified by PATELCO, and signed by

2    WILSON.

3        25.    The collection letter (Exhibit "1") states in relevant part:

4

5    You have a right to notify this office within 30 days after receiving this notice that you
     dispute the validity of this debt or any portion thereof. If you fail to dispute this claim
6    with this office within this time period, our office will assume this debt is valid. If you
     notify this office within 30 days from receiving this notice that you dispute the validity
7    of this debt this office will obtain verification of the debt or obtain a copy of a judgment
     and mail you a copy of such judgment or verification. If you request of this office within
8    30 days after receiving this notice, this office will provide you with the name and
     address of the original creditor, if different from the current creditor. This
9    communication is from a debt collector. This is an attempt to collect a debt and any
     information obtained will be used for that purpose.
10

11        26.    The collection letter (Exhibit "1") falsely represented or implied that the

12    communication was from a licensed California attorney.

13        27.    Plaintiff is informed and believes, and thereon alleges that, WILSON is not a

14    licensed attorney in the state of California.

15        28.    The collection letter (Exhibit "1") fails to identify WILSON's title or job capacity,

16

17    as required by California Business and Profession Code § 6077.5(b).

18        29.    The collection letter (Exhibit "1") represented or implied that Plaintiff's alleged

19    debt had been professionally reviewed by a licensed California attorney.

20

21        30.    Plaintiff is informed and believes, and thereon alleges that no licensed California

22    attorney conducted a professional review of Plaintiff's alleged debt before sending the collection letter

23    (Exhibit "1") to Plaintiff.

24        31.    The collection letter (Exhibit "1") misrepresented the role and involvement of

25    legal counsel.

26

27        32.    Plaintiff is informed and believes, and thereon alleges that the collection letter

28    (Exhibit "1") misrepresented the true source or nature of the communication thereby making false

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

statements in an attempt to collect a debt.

33.    On or about February 4, 2020, at approximately 3:28 p.m., Defendants recorded the following voice message on Plaintiff's cellular telephone.

> Maria Griego. My name is Matthew Wright. I'm calling you from the Tehama Law Group regarding what is now a pending civil complaint. I've also been asked to reach out to the Santa Clara District Attorney's Office concerning the circumstances, concerning this particular issue in my office and before I do so I want to give you a courtesy call. If you choose to, you can return my call before moving forward. My phone number is 415-946-4126.

34.    Thereafter, on or about February 19, 2020, at approximately 4:58 p.m., Defendants recorded the following voice message on Plaintiff's cellular telephone.

> [inaudible] Maria Griego. My name is Matthew Wright. Giving you a courtesy call regarding what's now a civil complaint. The case number is CA16596. This is just a courtesy call before I move forward on this particular issue. If you choose to return my call area code 415-946-4126. Again the case number is CA16596. The number is 415-946-4126. Good luck Ms. Griego. Have a nice day.

35.    Upon hearing these voice messages, Plaintiff was shocked, stunned, horrified, and upset.

36.    Plaintiff is informed and believes, and thereon alleges that no civil lawsuit has been filed against her, as alleged in Defendants' voice messages.

37.    Plaintiff is informed and believes, and thereon alleges that TEHAMA and NARBUTAS created and implemented uniform telephone scripts for their debt collectors like WRIGHT to use when sending voice messages to consumers, like the voice messages Defendants sent to Plaintiff.

38.    Plaintiff is informed and believes, and thereon alleges that PATELCO approved and/or ratified the use of voice messages which falsely represent or imply that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed.

39.    Plaintiff is informed and believes, and thereon alleges that PATELCO approved

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

and/or ratified the use of voice messages which falsely represent or imply that the failure to pay will result in an accusation that the debtor has committed a crime.

40.    PATELCO owed Plaintiff and the Class a nondelegable duty to ensure that TEHAMA, NARBUTAS, WILSON, and WRIGHT, complied with the RFDCPA in all respects.[3] Therefore, PATELCO is vicariously liable to Plaintiff and the Class for TEHAMA, NARBUTAS, WILSON, and WRIGHT's, violations of the RFDCPA.[4]

## DEFENDANTS' ROUTINE PRACTICES

41.    It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which seek to collect defaulted consumer debts incurred for personal, family, or household purposes.

42.    It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which fail to identify the title or job capacity of the non-attorney sender, as required by California Business and Profession Code § 6077.5(b).

43.    It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which falsely represent or imply that the communications are from a licensed California attorney.

44.    It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which falsely represent or imply that the debt being collected had been professionally reviewed by a licensed California attorney.

---

[3]  *SeaBright Ins. Co. v. US Airways, Inc.*, 52 Cal. 4th 590, 600-601 (Cal. 2011) ("The nondelegable duties doctrine prevents a party that owes a duty to others from evading responsibility by claiming to have delegated that duty to an independent contractor hired to do the necessary work. The doctrine applies when the duty preexists and does not arise from the contract with the independent contractor.").
[4]  *Maloney v. Rath*, 69 Cal. 2d 442, 446 (Cal. 1968) ("a nondelegable duty operates, … to assure that when a negligently caused harm occurs, the injured party will be compensated by the person whose activity caused the harm and who may therefore properly be held liable for the negligence of his agent, whether his agent was an employee or an independent contractor.").

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

45.    It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which misrepresent the role and involvement of legal counsel.

46.    It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which misrepresented the true source or nature of the communication.

47.    It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which fail to contain the notice required by California Business and Professions Code § 6077.5(g)(4).

48.    It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which fail to contain the notice required by California Business and Professions Code § 6077.5(g)(5).

49.    It is the standard practice and policy of Defendants to send voice messages which falsely represent or imply that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed.

50.    It is the standard practice and policy of Defendants to send voice messages which falsely represent or imply that the failure to pay will result in an accusation that the debtor has committed a crime.

## **CLASS ALLEGATIONS**

51.    Plaintiff brings this action on behalf of two classes of persons similarly situated.

52.    Plaintiff tentatively defines the Letter Class as (i) all persons with addresses in California (ii) to whom TEHAMA sent, or caused to be sent, an initial written communication in the form of Exhibit "1," (iii) in an attempt to collect a consumer debt alleged to be owed to PATELCO, (iv)

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

which were not returned as undeliverable by the U.S. Post Office (v) during the period one year prior to the date of filing this action through the date of class certification.

53.    Plaintiff tentatively defines the Voice Message Class as (i) all persons with addresses in California (ii) to whom TEHAMA sent, or caused to be sent, a voice messages substantially similar to the voice messages described in ¶¶ 33 and 34 above, (iii) in an attempt to collect a consumer debt alleged to be owed to PATELCO, (iv) during the period one year prior to the date of filing this action through the date of class certification.

54.    Excluded from the class would be any officers, directors, or legal representatives of Defendants, and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.  Plaintiff reserves the right to modify the Class definitions and Class period based on the results of discovery.

55.    The class is so numerous that joinder of all members is impractical.    On information and belief, collection notices in the form of Exhibit "1" and voice messages substantially similar to the voice messages described in ¶¶ 33 and 34 above above have been sent to hundreds of California Class members.

56.    Defendants have acted with respect to the Class members, in a manner generally applicable to Plaintiff and each Class member.  There is a well-defined community of interest in the questions of law and fact involved in this action, which affects all Class members.  Questions of law and fact common to the Class members predominate over any questions peculiar to individual Class members.  The common questions include:

a.    Whether Defendants are debt collectors;

b.    Whether Defendants sent Plaintiff and the Class members initial written communication in the form of Exhibit "1" which fail to identify the title or job capacity of the

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

non-attorney sender, as required by California Business and Profession Code § 6077.5(b).

       c.    Whether Defendants sent Plaintiff and the Class members initial written communication in the form of Exhibit "1" which falsely represented or implied that the communication was from a licensed California attorney;

       d.    Whether Defendants sent Plaintiff and the Class members initial written communication in the form of Exhibit "1" which falsely represented or implied that the debt being collected had been professionally reviewed by a licensed California attorney;

       e.    Whether Defendants sent Plaintiff and the Class members initial written communication in the form of Exhibit "1" which misrepresent the role and involvement of legal counsel;

       f.    Whether Defendants sent Plaintiff and the Class members initial written communication in the form of Exhibit "1" which misrepresented the true source or nature of the communication;

       g.    Whether Defendants sent Plaintiff and the Class members initial written communication in the form of Exhibit "1" which fail to contain the disclosures required by California Business and Professions Code §§ 6077.5(g)(4) and 6077.5(g)(5) and California Civil Code § 1788.17;

       h.    Whether Defendants sent Plaintiff and the Class members voice messages which falsely represent or imply that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed; and

       i.    Whether Defendants sent Plaintiff and the Class members voice messages which falsely represent or imply that the failure to pay will result in an accusation that the debtor has committed a crime.

FIRST AMENDED CLASS ACTION COMPLAINT       Case No. 5:20-CV-02441-LHK

57.    There are no individual questions of law or fact, other than whether a Class member was sent the offending collection communication, which can be determined by ministerial inspection of Defendants' records.

58.    Plaintiff will fairly and adequately represent and protect the interest of the Class members.  Plaintiff is committed to vigorously litigating this matter.  Plaintiff has retained counsel experienced in handling class claims and litigation brought pursuant to various consumer protection statutes, including the California Fair Debt Buying Practices Act, California Civil Code §§ 1788.50-1788.64 ("CFDBPA"), the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 ("RFDCPA").  Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.  Plaintiff and her counsel will vigorously pursue this matter.

59.    Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff and other Class members were similarly harmed by the actions of Defendants and the claims alleged herein all arise from the same operative facts and are based on the same legal theories. Plaintiff is a member of the Classes she seeks to represent and she has suffered harm due to the unfair, deceptive, and unlawful practices of Defendants.

60.    Defendants have acted or refused to act, with respect to some or all issues presented in this Complaint, on grounds generally applicable to the Class members, thereby making it appropriate to provide relief with respect to the Class members as a whole.

61.    A class action is a superior method for the fair and efficient adjudication of this controversy.  Most of the Class members who received voice messages and written communications in the form of Exhibit "1" have no knowledge that their rights are being violated by illegal collection practices.  The interest of the Class members in individually controlling the prosecution of separate

claims against Defendants is small because the maximum damages in an individual action are $1,000, pursuant to the RFDCPA, California Civil Code § 1788.17.[5]  Management of this class action is likely to present significantly fewer difficulties than those presented in many other class actions.

62.    A class action is the best available method of the efficient adjudication of this litigation because individual litigation of Class members' claims would be impracticable and unduly burdensome to the courts, and have the potential to result in inconsistent or contradictory judgments. There are no unusual difficulties likely to be encountered in the management of this litigation as a class action. A class action presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

63.    Certification of the Class under California Code of Civil Procedure § 382 is appropriate in that:

a.    The questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members; and

b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

64.    Certification of a class under California Code of Civil Procedure § 382 is also appropriate in that Defendants acted on grounds generally applicable to the Class members, thereby making appropriate declaratory relief with respect to the Class members as a whole.

65.    Plaintiff and the Class members are entitled to an award of attorney fees and costs against Defendants, pursuant to the RFDCPA, California Civil Code § 1788.17[6] and California Code of Civil Procedure § 1021.5.

/ / /

[5]  Incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).
[6]  Incorporating by reference 15 U.S.C. § 1692k(a)(3).

FIRST AMENDED CLASS ACTION COMPLAINT          Case No. 5:20-CV-02441-LHK

## FIRST CAUSE OF ACTION

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

66. Plaintiff and the Class members bring the first cause of action against Defendants for violations of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

67. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

69. Defendant, TEHAMA, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

70. Defendant, WILSON, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

71. Defendant, WRIGHT, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

72. Defendant, PATELCO, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

73. Defendant, NARBUTAS, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c), for all violations occurring on and after January 1, 2020.

74. Defendants, and each of them, have violated the RFDCPA. The violations include, but are not limited to, the following:

   a. Defendants made and used false, deceptive, and misleading representations in an attempt to collect alleged debts, in violation of California Civil Code § 1788.17;[7]

   b. Defendants misrepresented the character, amount, or legal status of alleged

---

[7] Incorporating by reference 15 U.S.C. §§ 1692e and 1692e(10).

FIRST AMENDED CLASS ACTION COMPLAINT          Case No. 5:20-CV-02441-LHK

debts, in violation of California Civil Code §§ 1788.13(e) and 1788.17;[8]

  c. Defendants, TEHAMA, WILSON, NARBUTAS, and PATELCO, sent Plaintiff and the Class members collection letters in the form of Exhibit "1" which falsely represented or implied that a California licensed attorney had professionally reviewed the alleged debt being collected when no California licensed attorney had done so, in violation of California Civil Code §§ 1788.13(b), 1788.13(i), 1788.16, and 1788.17;[9]

  d. Defendants falsely represented the role and involvement of legal counsel, in violation of California Civil Code §§ 1788.13(b), 1788.13(i), 1788.16, and 1788.17;[10]

  e. Defendants, TEHAMA, WILSON, NARBUTAS, and PATELCO, sent Plaintiff and the Class members collection letters in the form of Exhibit "1" which misrepresented the true source or nature of the collection letter, in violation of California Civil Code §§ 1788.13(b), 1788.13(i), 1788.16, and 1788.17;[11]

  f. Defendants, TEHAMA, WRIGHT, NARBUTAS, and PATELCO, sent Plaintiff and the Class members voice messages which falsely represented or implied that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed, in violation of California Civil Code §§ 1788.13(j) and 1788.17;[12] and

  g. Defendants, TEHAMA, WRIGHT, NARBUTAS, and PATELCO, sent Plaintiff and the Class members voice messages which falsely represented or implied that the failure to pay an alleged debt would result in an accusation that the debtor had committed a crime, in violation of California Civil Code §§ 1788.10(a), 1788.10(b), 1788.10(c), 1788.10(f),

---

[8] Incorporating by reference 15 U.S.C. § 1692e(2)(A).
[9] Incorporating by reference 15 U.S.C. §§ 1692e(3) and 1692e(10).
[10] Incorporating by reference 15 U.S.C. §§ 1692e(3) and 1692e(10).
[11] Incorporating by reference 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).
[12] Incorporating by reference 15 U.S.C. §§ 1692e(5), 1692e(10), and 1692e(11) (no § 1692e(11) violation is alleged against PATELCO).

FIRST AMENDED CLASS ACTION COMPLAINT  Case No. 5:20-CV-02441-LHK

and 1788.17.[13]

75.     Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff and the Class members to pay alleged debts, within the meaning of California Civil Code § 1788.30(b).

76.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to California Civil Code § 1788.30(a).

77.     As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to California Civil Code § 1788.30(b).

78.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to California Civil Code § 1788.17.[14]

79.     As a result of Defendants' violations of the RFDCPA, the Class members are entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to California Civil Code § 1788.17.[15]

80.     As a result of Defendants' violations of the RFDCPA, Plaintiff and the Class members are entitled to an award of reasonable attorney's fees and costs, pursuant to California Civil Code §§ 1788.17[16] and 1788.30(c).

---

[13]   Incorporating by reference 15 U.S.C. §§ 1692d(1), 1692d(2), 1692e(4), 1692e(5), 1692e(7), 1692e(8), and 1692e(10).
[14]   Incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).
[15]   Incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(B)(ii).
[16]   Incorporating by reference 15 U.S.C. § 1692k(a)(3).

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

81.    Pursuant to California Civil Code § 1788.32, the remedies provided under California Civil Code § 1788.17 are intended to be cumulative and in addition to any other procedures, rights, or remedies that Plaintiff and the Class members may have under any other provision of law.

## SECOND CAUSE OF ACTION

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

82.    Plaintiff and the Class members bring the second cause of action against Defendants for violations of California's Unfair Competition Law, Business and Professions Code § 17200, *et seq.* (hereinafter "the UCL").

83.    Plaintiff repeats, realleges, and incorporates by reference all previous paragraphs as though fully set forth herein.

84.    Defendants, and each of them, violated the UCL's prohibition against "any unlawful, unfair or fraudulent business act or practice" by:

a.    sending voice messages which falsely represent or imply that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed;

b.    sending voice messages which falsely represent or imply that the failure to pay an alleged debt will result in an accusation that the debtor has committed a crime;

c.    sending voice messages which fail to contain the disclosure required by California Business and Professions Code § 6077.5(a) and California Civil Code § 1788.17;[17]

d.    misrepresenting the right to obtain verification of the debt being collected;

e.    failing to send a written notice containing a statement that if the debtor notifies Defendants *in writing* within the thirty-day period that the debt, *or any portion thereof*, is disputed, Defendants would obtain verification of the debt and that a copy of the verification

---

[17]    Incorporating by reference 15 U.S.C. § 1692e(11).

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

would be mailed to the debtor, as required by California Business and Professions Code § 6077.5(g)(4);

f.    misrepresenting the right to obtain the name and address of the original creditor, if different from the current creditor; and

g.    failing to send a written notice containing a statement that upon *written request*, Defendants would provide the debtor with the name and address of the original creditor, as required by California Business and Professions Code § 6077.5(g)(5).

85.    Defendants' business practices and actions as set forth above are unlawful, unfair, and fraudulent, and provide Defendants an unfair advantage in the marketplace.

86.    Plaintiff and the Class members seek an order declaring such business practices to be unlawful, unfair, and fraudulent, and enjoining these business methods, acts, and practices set forth herein.

87.    Plaintiff and the Class members also request an order for reasonable attorneys' fees and costs incurred, pursuant to Code of Civil Procedure § 1021.5.

## REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)    Assume jurisdiction in this proceeding;

b)    Certify this case as a class action and appoint Plaintiff and Plaintiff's counsel to represent the Class members;

c)    Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788.10(a), 1788.10(b), 1788.10(c), 1788.13(b), 1788.13(e), 1788.13(i), 1788.13(j), 1788.16, and 1788.17;

d)    Declare that Defendants TEHAMA and NARBUTAS violated California

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

Business and Professions Code §§ 6077.5(a), 6077.5(b), 6077.5(g)(4), and 6077.5(g)(5);

e)  Declare that each of the following actions violates California Business and Professions Code §§ 17200, *et seq.*:

i)  sending voice messages which falsely represent or imply that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed;

ii)  sending voice messages which falsely represent or imply that the failure to pay a debt will result in an accusation that the debtor has committed a crime;

iii) misrepresenting the right to obtain verification of the debt being collected;

iv) failing to send a written notice containing a statement that if the debtor notifies Defendants *in writing* within the thirty-day period that the debt, *or any portion thereof*, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to the debtor;

v)  misrepresenting the right to obtain the name and address of the original creditor, if different from the current creditor; and

vi) failing to send a written notice containing a statement that upon *written request*, Defendants would provide the debtor with the name and address of the original creditor.

f)  Enter an order enjoining Defendants from continuing each of the practices set

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

forth in subsection (e) above;

g) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to California Civil Code §§ 1788.17[18] and 1788.30(a);

h) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to California Civil Code § 1788.30(b);

i) Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to California Civil Code § 1788.17;

j) Award the Class members statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to California Civil Code § 1788.17;[19]

k) Award Plaintiff and the Class members the costs of this action and reasonable attorney's fees, pursuant to California Civil Code §§ 1788.30(c) and 1788.17,[20] and California Code of Civil Procedure § 1021.5.

l) Award Plaintiff and the Class members such other and further relief as may be just and proper.

oo0oo

---

[18]  Incorporating by reference 15 U.S.C. §§ 1692k(a)(1).
[19]  Incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(B)(ii).
[20]  Incorporating by reference 15 U.S.C. § 1692k(a)(3).

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

1

2

3   Dated: April 13, 2020

4

5

6

7

8

9

10

CONSUMER LAW CENTER, INC.


By: _____
☐ Fred W. Schwinn (SBN 225575)
☐ Raeon R. Roulston (SBN 255622)
☐ Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
1435 Koll Circle, Suite 104
San Jose, California  95112-4610
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
MARIA CONSUELO GRIEGO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT                    Case No. 5:20-CV-02441-LHK

The Tehama Law Group, P.C.
124 Paul DR. #108
San Rafael, CA 94903


Personal and Confidential


November 7, 2019

MARIA GRIEGO
PO BOX 60861
PALO ALTO, CA 943060861

Account #: 6055880-10
File #: 16596
Current Balance: $1,002.36

Dear MARIA GRIEGO:

This letter is to notify you that your file regarding the balance owed to **Patelco Credit Union Shares** has been forwarded to the Tehama Law Group, P.C. for collections. Your file will be reviewed to determine the appropriate action to take in order to secure the balance due and owing. Please take note that action may be taken against you without further notice. To avoid any adverse effect this may have, contact our offices at **415-946-4126** and we will assist you in resolving this matter.

You have a right to notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof. If you fail to dispute this claim with this office within this time period, our office will assume this debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Sincerely,

Eric Wilson
The Tehama Law Group, .P.C.
(415) 946-4126

**EXHIBIT**
**1**

The Tehama Law Group, P.C.
124 Paul DR. #108
San Rafael, CA 94903

November 7, 2019

MARIA GRIEGO
PO BOX 60861
PALO ALTO, CA 943060861

94306-G88161

SAN FRANCISCO
CA 940
07 NOV '19
PM 6 L



UNITED STATES POSTAGE
PITNEY BOWES

02 1P      $ 000.50⁰
0000274859 NOV 07 2019
MAILED FROM ZIP CODE 94957