UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA CONSUELO GRIEGO,<br><br>Plaintiff,<br><br>v.<br><br>THE TEHAMA LAW GROUP, P.C., et al.,<br><br>Defendants. | Case No. 20-CV-02441-LHK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. No. 14, 18 |

Plaintiff Maria Consuelo Griego ("Plaintiff") brings the instant putative class action lawsuit against The Tehama Law Group, P.C., Kes Narbutas, Patelco Credit Union, Eric Wilson, and Matthew Wright (collectively, "Defendants") for violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and violation of the California Unfair Competition Law ("the UCL"). Before the Court is Defendants' motion to dismiss, ECF No. 14, and Plaintiff's motion to remand, ECF No. 18.[1] Having considered the submissions of the parties, the relevant

---

[1] Plaintiff's motion to remand contains a notice of motion that is separately paginated from the memorandum of points and authorities in support of the motion. ECF No. 18. Plaintiff's motion thus fails to comply with Civil Local Rule 7-2(b), which states that the notice of motion and points and authorities must be contained in one document with a combined limit of 25 pages.

1
Case No. 20-CV-02441-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

law, and the record in this case, the Court GRANTS Plaintiff's motion to remand and DENIES Defendants' motion to dismiss as moot.

## I.     BACKGROUND

### A.  Factual Background

Plaintiff Maria Consuelo Griego is a resident of Santa Clara County, California.  ECF. No. 10 ("FAC") ¶ 9.

Defendant The Tehama Law Group, P.C. ("TLG") is a California corporation engaged in the business of collecting defaulted consumer debts in California with its principal place of business in San Rafael, California.  *Id.* ¶ 10.  Defendant Kes Narbutas is a licensed attorney in the state of California.  *Id.* ¶ 11.  Plaintiff alleges that Narbutas is and was a shareholder, member, officer, director, employee, and/or agent of TLG.  *Id.*  As an attorney, Narbutas primarily assists in the collection of consumer debts.  *Id.*  Defendants Eric Wilson and Matthew Wright are employees and/or agents of TLG.  *Id.* ¶¶ 12–13.  Wilson and Wright are employed by an attorney primarily to assist in the collection of consumer debts.  *Id.*  Defendant Patelco Credit Union ("Patelco") is a California corporation engaged in the business of collecting defaulted consumer debts in California with its principal place of business in Dublin, California.  *Id.* ¶ 14.

Plaintiff alleges that on an unknown date, Plaintiff incurred a financial obligation owed to Patelco (the "alleged debt").  *Id.* ¶18.  Plaintiff incurred the alleged debt primarily for personal, family, or household purposes.  *Id.*

Plaintiff alleges that Patelco thereafter hired TLG, Narbutas, Wilson, and Wright to collect the alleged debt from Plaintiff and the Class.  *Id.* ¶ 19.  Specifically, on or about November 7, 2019, Plaintiff received a debt collection letter that Plaintiff alleges was drafted by Narbutas, approved by Patelco, and signed by Wilson.  *Id.* ¶ 21, Ex. 1.  Plaintiff alleges that the collection letter "falsely represented or implied that the communication was from a licensed California attorney" and "misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt."  *Id.* ¶¶ 26, 32.  Plaintiff alleges that no licensed

attorney reviewed Plaintiff's account prior to sending the letter, despite representations to the contrary in the letter. *Id.* ¶¶ 29–30, Ex. 1.

On or about February 4, 2020, Wright left a voice recording on behalf of TLG on Plaintiff's cellular phone "regarding what is now a pending civil complaint" with reference to the collection of Plaintiff's alleged debt. *Id.* ¶ 33.  On or about February 19, 2020, Wright left a second voice recording as a "courtesy call before [moving] forward on this particular [debt collection] issue." *Id.* ¶ 34.  Plaintiff alleges that these voice recordings were approved by Patelco and that they "falsely represent or imply that a civil lawsuit had been filed to collect a defaulted consumer debt, when no such civil lawsuit had in fact been filed." *Id.* ¶ 38.

Plaintiff alleges that Defendants' actions against Plaintiff are in line with Defendants' standard practices. *Id.* ¶ 43–51. Accordingly, Plaintiff brings this action on behalf of two classes of persons similarly situated in the state of California: those who received Defendants' standardized debt collection letters and those who received Defendants' standardized debt collection voice recordings. *Id.* ¶ 52–54.

**B. Procedural History**

On February 11, 2020, Plaintiff filed a putative consumer class action complaint against Defendants in the Superior Court of California for the County of Santa Clara. ECF No. 1, Ex. A ("Compl."). In Plaintiff's initial complaint, Plaintiff asserted three causes of action: (1) violation of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code sections 1788–1788.33, against all Defendants; (2) violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, against all Defendants except Patelco; and (3) violation of the California Unfair Competition Law ("UCL"), California Business and Professions Code sections 1700, *et seq.*, against all Defendants. *Id.* ¶¶ 67–100.

On April 9, 2020, TLG filed a notice of removal. *See* ECF No. 1. TLG asserted that federal question jurisdiction was proper under 28 U.S.C. § 1331 because Plaintiff raised a federal claim under the FDCPA, 15 U.S.C. § 1692, *et seq.* ECF. No. 1 ¶ 3.

3
Case No. 20-CV-02441-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

1      On April 13, 2020, Plaintiff filed a first amended complaint ("FAC") that withdrew Plaintiff's federal claim under the FDCPA and thus alleged only two state law claims: (1) violation of the RFDCPA against all Defendants; and (2) violation of the UCL against all Defendants. *See* FAC ¶¶ 66–87.

On April 22, 2020, TLG filed a motion to dismiss Plaintiff's FAC, or in the alternative, for summary judgment and for sanctions against Plaintiff. ECF. No. 14. On May 7, 2020, Plaintiff filed an opposition. ECF No. 20. On May 13, 2020, Patelco filed a joinder to TLG's motion. ECF. No. 22. On May 13, 2020, Narbutas filed a joinder to TLG's motion. ECF No. 23.

On May 4, 2020, Plaintiff filed a motion to remand requesting that the Court decline to exercise supplemental jurisdiction over the two remaining claims in the case, which are both state law claims. ECF No. 18 ("MTR"). On May 18, 2020, TLG and Narbutas (together, "Opposing Defendants") filed an opposition to Plaintiff's motion to remand. ECF No. 25. ("Opp'n").[2]  On May 26, 2020, Plaintiff filed a reply. ECF No. 26 ("Reply").

## II.     LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

---

[2] Patelco, Wright, and Wilson did not file any response to Plaintiff's motion to remand.

A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Conversely, a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 937-38 (9th Cir. 2003) (holding that Section 1367(c) grants federal courts the discretion to dismiss state law claims when all federal claims have been dismissed). In considering whether to retain supplemental jurisdiction, a court should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations and internal quotation marks omitted). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

### III. DISCUSSION

Defendants move to dismiss for failure to state a claim, or in the alternative, for summary judgment and for sanctions against Plaintiff. ECF No. 14. Subsequently, Plaintiff filed a motion to remand. MTR. Because the Court must address jurisdictional concerns first, the Court begins with Plaintiff's motion to remand. *See, e.g., Tucker v. Travelers Indem. Co. of Conn.*, No. 17-cv-04613-HSG, 2017 WL 10456186, at *1 (N.D. Cal. Oct. 4, 2017) ("Because subject-matter jurisdiction is a threshold issue, the Court addresses Plaintiffs' motion to remand first.").

#### A. Plaintiff's Motion to Remand

Plaintiff requests that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) and accordingly that the Court remand the instant case to state court. MTR at 4. Opposing Defendants argue that the Court should not remand the case because a number of

5
Case No. 20-CV-02441-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

threshold questions preclude the Court from exercising its discretion to decline supplemental jurisdiction, and because even if the Court had discretion to remand, the relevant factors would weigh in favor of retaining supplemental jurisdiction over Plaintiff's state law claims. The Court first considers the threshold issues raised by Defendant, and then considers whether the relevant factors weigh in favor of remand.

### 1. The Court Has Discretion to Decline Supplemental Jurisdiction Under 28 U.S.C. § 1367(c)(3).

Opposing Defendants raise three threshold issues that they argue would prevent the Court from declining to exercise supplemental jurisdiction in the instant case. First, Defendant argues that the Court does not have the discretion to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) because the Court did not dismiss Plaintiff's federal claim and instead Plaintiff voluntarily dropped the federal claim. Opp'n at 6–7. Second, Defendant argues that after a putative class action is properly removed from state court, a federal district court is without power to remand the case to state court. *Id.* at 7. Third, Defendant argues that the Court cannot remand the instant case because Plaintiff's claim under the RFDCPA implicates a significant federal issue, thus providing its own basis for federal question jurisdiction. *Id.* at 10. The Court considers each argument in turn.

First, Opposing Defendants argue that the Court does not have discretion to decline supplemental jurisdiction because the language of 28 U.S.C. § 1367(c)(3) states that a district court may decline to exercise supplemental jurisdiction only when "the district court has dismissed all claims over which it has original jurisdiction," not when a plaintiff chooses to dismiss those claims. *Id.* at 6–7. Opposing Defendants' narrow interpretation of 28 U.S.C. § 1367(c)(3) has been rejected by the United States Supreme Court. Specifically, in *Carnegie-Mellon University v. Cohill*, the United States Supreme Court held that a federal judge has the right to decline supplemental jurisdiction and "to remand a properly removed case to state court *whenever all federal claims have been deleted*." 484 U.S. 343, 359 (1988) (emphasis added). Thus, it is immaterial that Plaintiff withdrew the only federal claim rather than having that claim dismissed

6
Case No. 20-CV-02441-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

by the Court. The Court possesses the "inherent authority" to decline to exercise supplemental jurisdiction whenever all claims over which it has original jurisdiction have been dismissed from the case. *See id.* (White, J., dissenting) ("[T]he Court discovers an inherent authority to remand whenever a federal judge decides that 'the value of economy, convenience, fairness, and comity' would thereby be served.").

Opposing Defendants next argue that the Court must deny Plaintiff's motion to remand as a matter of law because when a putative class action is properly removed, a federal district court cannot remand the case to state court. Opp'n at 7. Opposing Defendants incorrectly cite *United Steel v. Shell Oil Co.*, 602 F.3d 1087 (9th Cir. 2010), a case that only held that the denial of class action certification in a case removed pursuant to the Class Action Fairness Act (CAFA) does not divest a federal court of subject matter jurisdiction. *Id.* at 1091. The Ninth Circuit's holding that "continued jurisdiction under § 1332(d) 'does not depend on certification,'" does not have any implication in the instant case, where Plaintiff seeks remand based on the dismissal of all claims for which the Court has original jurisdiction, not based on the denial of class certification. *Id.* at 1092. Opposing Defendants provide no further argument in support of Opposing Defendants' cursory conclusion that a federal court cannot remand a putative class action to state court. Opp'n at 7. Accordingly, in the instant case, the Court finds that the Court possesses the authority to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and to remand this putative class action lawsuit to state court. *See, e.g.*, *Atalig v. Mobil Oil Mariana Islands, Inc.*, No. CV 10-10, 2010 WL 11556543, at *2 (D. N. Mar. I. Dec. 27, 2010) (remanding a putative class action lawsuit after removal when the plaintiff chose to dismiss all federal claims).

Opposing Defendants finally argue that Plaintiff's claim under the RFDCPA implicates a significant federal issue and thus gives rise to its own federal question jurisdiction. Opp'n at 10. Specifically, Opposing Defendants claim that the RFDCPA is drafted to explicitly "incorporate[] some of the prohibitions and remedies of the federal FDCPA." *Id.* For example, Opposing Defendants argue that Plaintiff "cites directly to various sections of the federal FDCPA *at least*

*sixteen times* as a result of her claim under [the RFDCPA]." *Id.* Nonetheless, Opposing Defendants provide no caselaw that has found federal question jurisdiction over a RFDCPA claim simply because that statute resembles its federal counterpart. Instead, Courts have explicitly rejected Opposing Defendants' argument. *See Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004) ("California has not somehow expanded the scope of federal liability under the FDCPA through Cal. Civ. Code § 1788.17 . . . California simply incorporated by reference the text of certain federal provisions into the CFDCPA, rather than copying them verbatim into the California code . . . [a]ny resulting liability . . . remains a state claim."). In *Ghalehtak v. Fay Servicing, LLC*, No. 18-CV-02306-PJH, 2018 WL 2553570, at *1 (N.D. Cal. June 4, 2018), Chief Judge Phyllis Hamilton of the Northern District of California explicitly held that "a cause of action asserting violations of portions of the [FDCPA] as incorporated into the [RFDCPA] . . . does not provide a basis for federal question jurisdiction." The court reasoned that the plaintiff's complaint on its face states a cause of action under the RFDCPA and "references certain FDCPA provisions only in connection with stating a claim under § 1788.17 of the RFDCPA." *Id.* at *2. That reasoning applies equally here, and the Court thus finds that Plaintiff's references to the federal FDCPA in relation to Plaintiff's claim under the RFDCPA do not raise a federal question for purposes of federal question jurisdiction.

In sum, Opposing Defendants' threshold arguments that the Court may not decline supplemental jurisdiction in the instant case fail. Accordingly, the Court finds that it has authority to decline supplemental jurisdiction.

**2. The Relevant Factors Weigh in Favor of Remand.**

Opposing Defendants argue in the alternative that, even if the Court had discretion to decline supplemental jurisdiction in the instant case, the relevant factors weigh against doing so. Opp'n. 8–10. The Court disagrees.

While 28 U.S.C. § 1367(c) vests courts with discretion to decline supplemental jurisdiction in certain circumstances, that discretion is not without limits. Courts within the Ninth Circuit must

8

Case No. 20-CV-02441-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

consider four factors to decide whether to decline supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(c)(3): (1) judicial economy; (2) convenience; (3) fairness; and (4) comity. *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992), *abrogated on other grounds* by *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Exec. Software N. Am., Inc.*, 24 F.3d at 1553 n.4. The Court addresses each of the four factors in turn.

### a. Judicial Economy

Opposing Defendants argue that judicial economy "weighs heavily against remand" because TLG's dispositive motion to dismiss is "fully briefed and set to be heard nearly a month before Plaintiff's motion to remand." Opp'n at 8. The Court disagrees, and instead finds that judicial economy does not weigh against remand because Plaintiff's federal claim has been eliminated at the pleading stage, and the case remains in the early stages of litigation.

In *Loder v. World Sav. Bank, N.A.*, United States District Judge Thelton Henderson of the Northern District of California found that despite the defendant's concerns regarding the fact that "motions have been filed and set in this matter, and mediation scheduled, the harm to judicial economy in sending the case to state court is minimal" because the "motions have not yet been heard or decided," "mediation has not progressed significantly," and "neither party has indicated a likelihood of a settlement agreement on the horizon, which would be spoilt by a remand." No. C11-00053 TEH, 2011 WL 3861902, at *4 (N.D. Cal. Sept. 1, 2011). The same reasoning applies in the instant case because the Court has not yet considered TLG's motion to dismiss, discovery has not yet begun, and "[a] district court has 'a powerful reason to choose not to continue to exercise jurisdiction' when all federal claims have been eliminated at an early stage of litigation." *Bay Area Surgical Mgmt., LLC. v. United Healthcare Ins. Co.*, No. C 12-01421 SI, 2012 WL 3235999, at *5 (N.D. Cal. Aug. 6, 2012) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350–51). Plaintiff and Opposing Defendants do not argue that there would be any burden on the

economy of either this Court or the state court as a result of remand. *See Loder*, 2011 WL 3861902, at *4 ("There is no specific burden on economy of the district court alleged by either party, and neither party has specifically alleged any burden on the state court, so we can presume they see none of note."). Accordingly, the Court finds that judicial economy will not be substantially impaired by remand.

### b. Convenience

The Court finds that convenience weighs neither in favor of nor against remand in the instant case. As Plaintiff and Opposing Defendants agree, the California Superior Court for the County of Santa Clara and the United States District Court for the Northern District of California are equally convenient for both parties. MTR at 5; Opp'n at 9. Accordingly, the Court finds that this factor does not weigh against remand.

### c. Fairness

Opposing Defendants allege that Plaintiff's withdrawal of Plaintiff's federal claim in Plaintiff's FAC filed four days after TLG removed the case to federal court is an unfair "forum manipulation tactic" that weighs against remand. Opp'n at 8. However, the Court disagrees that Plaintiff's litigation of the instant case constituted any unfair manipulation.

Although a district court "can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case," the Ninth Circuit has suggested that simply dropping federal claims in an effort to return to state court is not inherently unfair. In *Baddie v. Berkeley Farms, Inc.*, the Ninth Circuit explained that it is common practice for a plaintiff to file both state and federal claims in state court, for a defendant to remove to federal court, and for a plaintiff to then settle or dismiss federal claims, at which point "the district court has discretion to grant or deny remand." 64 F.3d 487, 490 (9th Cir. 1995). The Ninth Circuit further held that it is "not convinced that such practices [are] anything to be discouraged. *Id.*

In the instant case, the Court finds that Plaintiff's choice to withdraw Plaintiff's federal claim shortly after removal to this Court is not a bad faith attempt to manipulate the forum as

Opposing Defendants allege, but rather a strategic choice explicitly permitted by the Ninth Circuit to secure Plaintiff's original forum choice. Accordingly, the Court finds that fairness does not weigh against remand.

### d. Comity

Opposing Defendants argue that comity only "lightly" weights in favor of remand. Opp'n at 9. By contrast, Plaintiff argues that comity would be greatly served by remand as a result of the state court's exclusive jurisdiction to grant broad injunctive relief. MTR at 7–9. The Court agrees with Plaintiff.

"With regards to comity, the path that best preserves the rights of the state to preside over state court matters is to remand the case." *Loder*, 2011 WL 3861902, at *4. Plaintiff argues that comity weighs in favor of remand because she would not be able to obtain the same injunctive relief in federal court that she would in California state court. MTR at 6. Specifically, Plaintiff argues that her request for injunctive relief in this Court would be limited by the stringent standing requirements of Article III governing federal court jurisdiction but that state courts are not required to follow. *Id.* (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 113 (1983) ("State courts need not impose the same standing or remedial requirements that govern federal court proceedings.")). In fact, Plaintiff argues, California state courts, unlike federal courts, have jurisdiction to award injunctive relief under the UCL when doing so would confer a broad public benefit by "protect[ing] California's consumers against unfair business practices," even when Plaintiff would lack standing in federal court because injunctive relief would not be required to prevent future harm to the plaintiff specifically. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 314 (2009) (finding that in California state court, consumer protection laws empower UCL plaintiffs to seek "injunctive relief against unfair or unlawful practices *in order to protect the public*" (emphasis added)).

Although Opposing Defendants contest Plaintiff's eligibility for such injunctive relief, the Court declines Opposing Defendants' invitation to engage in a merits inquiry in this procedural

posture. Instead, as the Court explained above, comity militates in favor of having the state court itself resolve this issue. *See Loder*, 2011 WL 3861902, at *4. Opposing Defendants provide no other arguments regarding comity. Accordingly, the Court agrees with Plaintiff and finds that comity weighs in favor of remand.

e. **Balancing of Factors**

In balancing economy, convenience, fairness, and comity, the Court finds that no factor weighs against remand to unsettle the Court's "powerful reason to choose not to continue to exercise jurisdiction" when all federal claims have been eliminated at an early stage. *Carnegie-Mellon Univ.*, 484 U.S. at 350–51. The instant case is still at the pleading stage, no discovery has taken place, and neither the state nor the federal court is inconvenienced by remand. Furthermore, Plaintiff acts fairly in making the strategic choice to withdraw Plaintiff's federal claim and to seek remand through the Court's discretion. Finally, comity is best preserved by allowing states to preside over state matters. Accordingly, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

**B. Defendants' Motion to Dismiss**

As stated above, the Court has declined supplemental jurisdiction over the instant case. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the Court DENIES Defendants' motion to dismiss as moot.

**IV. CONCLUSION**

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction and GRANTS Plaintiff's motion to remand the instant case to the California Superior Court for the County of Santa Clara. The Court DENIES Defendants' motion to dismiss as moot.

**IT IS SO ORDERED.**

Dated: August 21, 2020

*Lucy H. Koh*

LUCY H. KOH
United States District Judge

12
Case No. 20-CV-02441-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT